AMERICAN NATIONAL INSURANCE COMPANY *v.* FREEMAN.

4-4239

Opinion delivered March 23, 1936.

*Daily & Woods,* for appellant.
*James Seaborn Holt,* for appellees.

HUMPHREYS, J. This is a suit by the beneficiaries to recover the face value of a disability and life insurance policy issued by appellant to Abba R. Freeman on March 19, 1929, upon which the insured paid the initial yearly premium of $68.78, but never paid any subsequent payment during his lifetime. He died in 1932 with tuber-

culosis, which developed in December, 1929, at which time he became totally disabled on account of said disease. After he became totally disabled in 1929, he never notified appellant of his disability or made proof thereof during the remaining two and one-half years of his life, and after his death his beneficiaries gave no notice or made proof of his disability, and made no demand for the payment of the face of the policy until they instituted this suit in 1934 in the circuit court of Sebastian County, Fort Smith District.

The complaint set out the application and policy in full as a part thereof in addition to pleading the facts above detailed.

Appellant filed a demurrer to the complaint, which was overruled by the court on October 24, 1935, over its objection and exception, and, refusing to plead further and standing upon its demurrer, the trial court rendered judgment in favor of appellees for the face amount of the policy and costs and an attorney's fee of $300, from which is this appeal.

The policy contained the following provisions:

"Total Permanent Disability.

"Subject to the provisions hereinafter while this policy is in full force and before default in payment of premium hereon, if insured, prior to attaining the age of 60 years, shall furnish due proof to company at home office that insured has become totally permanently disabled by irremediable bodily injury or incurable disease not existing at the date of issue hereof, so insured is, and presumably will be permanently, continuously and wholly prevented thereby for life from performing any work for compensation, gain or profit, or from following any gainful occupation, and that disability has then existed for not less than ninety days, company will grant following benefits:

"1. Waiver of Premium.—The company will during the continuance of such disability, waive payment of each premium as it thereafter becomes due to the extent of annual premium of $68.76 commencing with premium first due after receipt of due proof of disability."

The majority of the court interpret the above provisions of the policy to mean that no liability arises thereon until notice and proof of disability is made, and that the payment of premiums is not waived until such notice and proof is made. They base their interpretation upon the construction given the clauses of the policy in the case of *New York Life Insurance Company* v. *Moose,* 190 Ark. 161, 78 S. W. (2d) 64.

The Chief Justice and the writer interpret the provisions of the policy in the instant case to mean that liability arises thereon when the disability occurs and that notice and proof of disability is not a condition precedent to liability, and our reasons therefor may be found in the dissenting opinion in the Moose case, *supra.*

The judgment is reversed, and the cause is dismissed.