HOME LIFE INSURANCE COMPANY *v.* COUCH.

4-5983 . 141 S. W. 2d 20

Opinion delivered June 3, 1940.

*A. D. DuLaney* and *Wade Kitchens, Jr.,* for appellants.

*Dave McKay, E. M. Arnold* and *U. A. Gentry,* for appellee.

McHANEY, J. Appellee is the widow of Chester Lee Couch and was the named beneficiary in a policy of life insurance issued to him by appellant Home Life Insurance ·Company, hereinafter called the Home Life, dated January 2, 1919, for $5,000. The Home Life became insolvent and, on April 3, 1931, reinsured all of its business, including this policy, if in force, with the other and real appellant herein, Central States Life Insurance Company, hereinafter called Central States.

Mr. Couch paid all premiums on said policy falling due up to, but not including that which fell due January 2, 1931. The policy had at that time no reserve value, as he had, on August 2, 1930, borrowed $1,150 thereon, same being the full cash and loan value, and had pledged said policy as security therefor. On January 20, 1931, within the grace period, Mr. Couch executed and delivered to the Home Life his note, commonly called a "blue note", for $199.45, covering the premium and loan interest then due, to become due and payable June 1, 1931, in which he agreed that his policy had lapsed on January 2; that if he paid said note his policy would remain in force to January 2, 1932, and if he did not pay it, his policy would lapse June 1, 1931, and be void, and said note would be void, without notice. He did not pay the "blue note" on June 1, 1931, or at any other time, and neither appellant ever heard from him thereafter. He died October 22, 1937.

Said policy contained a disability provision which waived payment of premiums as follows: "It is especially

agreed that if the insured, while less than sixty years of age, and after the first year's premium has been paid to the company on account of this policy, shall furnish proof satisfactory to the company, while the policy is in full force and effect, that he from any cause whatsoever shall have become permanently disabled or physically or mentally incapacitated to such an extent that he by reason of such disability or incapacity is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the company upon receipt and acceptance of such proof will by indorsement hereon waive the payment of any premium or premiums that may become payable thereafter under this policy. Provided, however, that if the insured at any time after such waiver shall recover his physical or mental ability or capacity for work as above defined, any premium or premiums falling due thereafter shall be paid by the insured in accordance with the terms of the policy.''

Demand was made on Central States to furnish forms for proofs and to pay said policy, less the loan and interest, on January 20, 1938, on the ground that Mr. Couch became permanently disabled before the policy lapsed. This demand was refused and suit was brought to enforce payment. It was alleged that the insured became totally and permanently disabled in the month of January, 1930, and continued so until his death and that under the above clause his policy was in full force and effect at his death. Appellants defended on a number of grounds, one or more of which will hereinafter be discussed in this opinion. At the close of the evidence both sides requested peremptory instructions and no other. The court granted the request of appellee for $3,-188.25, against both appellants, with interest, penalty and attorney's fee and judgment was accordingly entered. This appeal followed.

The Home Life was not liable in any event, should not have been a party to this action and no judgment could have been rendered against it. *Home Life Ins. Co.* v. *Arnold,* 196 Ark. 1046, 120 S. W. 2d 1012.

As to the Central States, the court should have granted its request for a directed verdict in its favor. The conditions under which it would waive the premiums are set out in the clause above quoted, and are clear and unambiguous. The insured complied with none of them. Before the premiums could be waived under this clause, Mr. Couch must have become disabled so that he was wholly and permanently unable to engage in any occupation for any kind of compensation of financial value, and he must have made proof thereof to the company at a time when his policy was in full force and effect. If the company accepted such proof, the premiums thereafter falling due would be waived by indorsement on the policy to this effect. No proof of disability was ever made. In fact the testimony as to disability within the meaning of the policy is very meager and indefinite as to its beginning and extent. But assuming he was so disabled, no proof thereof was ever made, and, therefore, no premiums waived as the waiver was to follow proof. The policy lapsed June 1, 1931. Thereafter he could not have made proof "while the policy is in full force and effect," because it was not in effect after said date. We think this case is ruled adversely to appellee by such cases as *New York Life Ins. Co.* v. *Farrell,* 187 Ark. 984, 63 S. W. 2d 520; *New York Life Ins. Co.* v. *Jackson,* 188 Ark. 292, 65 S. W. 2d 904; *Bergholm* v. *Peoria Life Ins. Co.,* 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416.

The court, therefore, erred in directing a verdict for appellee instead of appellants, and its judgment will be reversed, and the cause dismissed.