TEAGUE *v.* NATIONAL LIFE COMPANY.

4-6724                                    161 S. W. 2d 754

Opinion delivered April 27, 1942.

*Robert Bailey* and *Robert C. Stark,* for appellant.

*Hays, Wait & Williams,* for appellee.

HUMPHREYS, J. Appellant, Maggie E. Teague, brought suit against appellee, successor to National Life Association, on the 12th day of February, 1940, in the circuit court of Pope county under a permanent disability clause contained in a life insurance policy issued by its predecessor, National Life Association, to appellant on April 24, 1919, being policy No. 59041, providing for the payment of an annual premium of $41.70. It was alleged that all premiums were paid on the policy until the payment due on April 24, 1931, after which time she paid no premiums. It was alleged in the complaint that under the terms of said policy there was a clause providing for disability benefits "should the insured before reaching the age of seventy years and while this policy is in full force and effect become totally and permanently disabled, by accident and because thereof be wholly and permanently incapacitated from doing any labor or business . . . in lieu of all other benefits payable under this policy, the association will, if the insured shall so elect, upon receipt by the association of proper and satisfactory proof of such disability, pay to the insured one-tenth of the amount of this policy, and so long as the insured shall keep the policy in full force and effect by making all payments required hereunder within the time herein provided, one-tenth of said amount shall be paid to the insured at each anniversary of such first payment upon receipt of satisfactory proof of continued disability until the entire amount of the policy shall have been paid; provided, however, that any such payments made on this policy by the association before the death of the insured shall be indorsed on the policy when said payments are made and should the death of the insured occur while the policy is in full force, all amounts theretofore paid on disability settlement shall be deducted from the amount stated in the face of the policy and the remainder only shall be paid to the bene-

ficiary named in the policy. . . ." The policy further states "Proof of death or disability of the insured shall be furnished to the association at its home office which proof shall comprise satisfactory statements and evidence establishing any claim under this policy. . . ." It was also alleged that before reaching the age of seventy and while the policy was in full force and effect the appellant became totally and permanently disabled by reason of an accident and has remained totally and permanently disabled by reason of said accident ever since that time; that in the spring of 1925, the appellant was kicked in the lower part of her body, below the stomach, by a cow while engaged in milking said cow, from the effects of which she has never been able to do any work since that time.

A demurrer to the complaint was filed by appellee stating two grounds for dismissal of the complaint, the second ground being that the complaint shows on its face that any right of action appellant might have had is now barred by the statute of limitations, and that appellee specifically pleads the statute of limitations in bar of any recovery.

The court sustained the demurrer to the complaint and dismissed same, to which ruling and judgment of the court the appellant at the time excepted and prayed an appeal to this court which was granted.

The allegations of the complaint were met by demurrer specifically pleading the statute of limitations which had the effect of admitting the allegations in the complaint. In other words, the sole contention made by appellee in the trial court and in this court was and is that whatever claim appellant had under the permanent disability clause in the policy was barred by the statute of limitations. According to the face of the complaint appellant made no report as to her disability until December 9, 1939; that she furnished no proof as to her disability, but instead brought suit on the 12th day of February, 1940. One of the salient provisions in the policy or contract of insurance was that in case of disability the yearly premiums due thereafter must be paid

before the annual benefits provided for in the disability clause of the policy could be collected. The policy or contract does not provide for the waiver of premiums in case of permanent disability. The policy required that she should elect whether she would accept disability payments or not and in the event of electing that she would do so, the disability payment of $300 per year should be deducted from the face of her policy, and had she made the election it would have been the duty of appellee to pay her $300 a year for ten years in order to satisfy its liability. Had it done this, appellee would have never had any money in its hands with which it could have paid the premiums and kept the policy alive. She did not keep the policy alive herself by paying the premiums, but defaulted in the payment of the premiums on April 24, 1931. The policy, therefore, lapsed on the 24th day of May, 1931, thirty days grace period in which she had the right to pay the premium after the 24th day of April, 1931. She made no premium payment after April 24, 1931, so the policy remained lapsed from and after the expiration of the grace period. Under the contract she must have made the proof of permanent disability before the policy lapsed and could not make it after the policy lapsed. It was said by this court in the case of *Home Life Ins. Co.* v. *Couch,* 200 Ark. 783, 141 S. W. 2d 20, that: "The policy lapsed June 1, 1931. Thereafter he could not have made proof, 'while the policy is in full force and effect,' because it was not in effect after that date."

Appellant cites and relies upon the cases of *Aetna Life Insurance Company* v. *Langston,* 189 Ark. 1067, 76 S. W. 2d 50, and the *Pacific Mutual Life Insurance Company* v. *Jordan,* 190 Ark. 941, 82 S. W. 2d 250, but in both of those cases premium payments were waived from and after permanent disability occurred and in neither of those cases was an election required on the part of the assured to entitle him or her to disability payments and in both of those cases under the terms of the contract the insurer had money in its hands with which to pay the premiums to keep the policies alive.

In the instant case it was the duty of the assured to keep the premiums paid up in order to keep the policy

alive, and also the duty of the assured in case of permanent disability to elect whether she would accept the disability payment or whether she would permit the disability payment to remain in the hands of appellee for the purpose of paying premiums and for the use and benefit of the beneficiary of the policy. She did not do either and did not even notify appellee that she had received a permanent injury in the spring of 1925. She did not attempt to do this until 1939 by a letter from her attorney to the appellee and did not bring her suit for the amount claimed until February 12, 1940. At that time her policy had been lapsed more than eight years and even if she had complied with all the provisions of the policy the suit was not brought until more than five years after the last installment under the disability clause would have been due.

Finding no error in the judgment same is in all things affirmed.