EQUITABLE LIFE ASSURANCE SOCIETY *v.* FELTON.

4-3475.

Opinion delivered May 28, 1934.

*D. S. Plummer* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Daggett & Daggett,* for appellee.

JOHNSON, C. J. On the threshold of this case we are confronted with the contention, advanced by appellee, that appellant's contentions, as evidenced in the motion for new trial, cannot here be considered for the reason

that said motion was filed without the time given by § 1314, Crawford & Moses' Digest, of the laws of Arkansas. Although this contention presents a very serious question, it relates to this case only. Therefore we pretermit consideration or determination thereof, because the case must be affirmed on its merits.

In 1924 appellant issued and delivered its contract of insurance to one William F. Felton, by the terms of which it agreed to pay the sum of $5,000 in the event of death and, in addition thereto, agreed:

"TOTAL AND PERMANENT DISABILITY

"(1)  Disability benefits before age 60 shall be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease, after this policy became effective and before its anniversary upon which the insured's age at nearest birthday is 60 years, in which event the society will grant the following benefits:

"(a)  Waive payment of all premiums payable upon this policy falling due after receipt of such proof and during the continuance of such total and permanent disability; and

"(b)  Pay to the insured a monthly disability-annuity, as stated on the face hereof; the first payment to be payable upon receipt of due proof of such disability and subsequent payments monthly thereafter during the continuance of such total and permanent disability, provided, that, if this policy is continued under the endowment conversion option, the disability-annuity shall continue only during such total and permanent disability until the maturity of the endowment."

The insured died on March 19, 1933, and the death benefit, as provided in said contract, has been paid. The controversy here arises under the total and permanent disability clauses heretofore quoted.

It is admitted by appellant that William F. Felton, the insured, became totally and permanently disabled, in the purview of the contract of insurance, in May, 1930.

Therefore there is no contention of no liability on this account.

However, it is earnestly contended by appellant that liability should be restricted to the sum of $48.06, same being the amount which accrued after the filing of proof of total and permanent disability, which occurred on March 10, 1933, and the death of the insured.

By invitation of the plaintiff in the court below, and appellee here, the case was tried upon the theory that the insured became mentally incompetent or insane in May, 1930, upon the occurrence of total and permanent disability, and was therefore excused from giving notice or filing proof of such disability with the insurer during the period of such disability. Much evidence was adduced upon this branch of the case. Even so, appellant contended below and contends here that the evidence offered was not sufficient to warrant submission to the jury of the issue of insured's mental condition. The evidence tended to establish the following facts:

That prior to May, 1930, insured was strong and alert in body and of robust health; that he was mentally sound and alert; that suddenly he was beset with vertigo, blindness, dizzy spells and frequent lapses of consciousness which continued up to his death; that he ignored advice of attending physicians to desist from all labor, and, on the contrary, continued his efforts though resulting in a waste of time and energy; that he assumed an attitude of coolness and indifference towards his family which had not existed prior to May, 1930; that he advised his son that his mind was impaired and directed him to remove and hide the firearms from their accustomed places; that he could not carry on an intelligent conversation, in that he would suddenly leave the subject and jump to another; that he seriously objected to his son submitting his policies of insurance to an attorney for legal advice because he feared that it might destroy his insurance. The attending physician testified, in effect, that during the period from May, 1930, up to the death of the insured his mind was confused, and when asked: "Q. Would you say from your association with Mr. Felton, and your

treatment and observation of him, that the mental impairment was such that he could not transact the ordinary affairs of life?'' stated: "A. I don't believe I could answer that question yes or no, because the question of his judgment and the question of his reason would come into it; he could transact it but he might transact it wrong."

On the evidence thus adduced, appellant requested a directed verdict in its behalf, which was refused by the trial court, and thereupon the cause was submitted to the jury under the following instructions. For appellee, request No. 2, as follows: "If you find from a preponderance of the evidence that during the period between May, 1930, and the date on which the said William F. Felton died, he was, by reason of disease and illness, mentally impaired to the extent that he was incapable of carrying on the ordinary affairs of life; and was incapable mentally of such sustained effort as would enable him to comprehend such affairs as needed his attention, then you are instructed that his failure to give the defendant notice of such disability would not bar the right of the plaintiff to recover in this action."

For appellant, the following requests:

"No. 3A. You are instructed that proof of the inability to perform the ordinary affairs of life does not entitle the plaintiff to recover. In order to recover more than the amount admitted to be due, the plaintiff must show that the insured did not have mentality enough to understand the ordinary things and affairs of life.

"No. 4. If you find from the evidence that in May, 1930, the insured, William F. Felton, became disabled by physical disease, but that his mind was not continuously impaired from that date until the time of his death, but on the contrary he had during a substantial portion of that time sufficient mental capacity to understand the ordinary affairs of his life, then he would not be entitled to recover disability benefits except for the month which intervened between the receipt of the proofs of disability and his death.

"No. 5. You are instructed that an intermittent inability to comprehend the ordinary affairs of life would not excuse the insured from furnishing proofs of disability. If at intervals he had control of his faculties for considerable periods to such an extent that he could understand the ordinary affairs of life, then the plaintiff would be entitled to recover only for the period which commenced with the time when he became continuously unable to comprehend the ordinary affairs of life.

"No. 7. You are instructed that the plaintiff would not be entitled to recover the disability benefits for the period during which he was capable of exercising the sustained mental effort which would enable him to understand and comprehend the ordinary affairs of life. If he did not reach this stage of mental impairment until sometime subsequent to May 30, 1930, then your verdict should in no event be for an amount which would exceed the amount of the premiums paid, if any, the disability benefits which accrued during such period of mental impairment as above described."

In reference to the status of mentality, which would excuse an insured from giving notice to the insurer or filing proof of such total and permanent disability, we stated the rule in *Pfeiffer* v. *Missouri State Life Ins. Co.,* 174 Ark. 783, 297 S. W. 847, as follows:

"He must have been able to carry on the ordinary affairs of life, and this meant that his mind must be capable of sustained effort, so that he would comprehend such affairs as needed his attention, and not merely that he might talk with seeming intelligence upon a subject brought directly to his attention by some one."

Appellee's requested instruction No. 2 conformed to the rule as announced above, and we think it is a correct guide in cases of similar import.

Neither can we agree that the evidence was not sufficient to submit the mental condition of the insured to the jury. Under the settled practice in this court, it is our duty to sustain the jury's findings when supported by substantial evidence. When thus considered, we cannot

say that the verdict of the jury is without substantial evidence to support it.

The contention that the instructions given upon request of appellant are in conflict with those given upon request of appellee is likewise without merit. Appellee's instruction No. 2 is easily harmonized with appellee's requests 3A, 4, 5 and 7. These instructions, when read together, conform to previous decisions of this court even though they present different theories as reflected by the evidence. Lastly, it is contended that appellee's instruction No. 3 is in conflict with appellant's requested instruction No. 7 heretofore quoted. Appellee's requested instruction No. 3 is as follows:

"If you find for the plaintiff under instruction No. 2, you will find a verdict for disability benefits at the rate of $48.06 per month from June, 1930, to March, 1933, inclusive, a period of thirty-three (33) months, an aggregate sum of $1,585.98; and you will also find a verdict in favor of plaintiff for premiums paid by plaintiff's intestate on August 14, 1932, and February 14, 1933, in the aggregate sum of $1,222.40."

Viewed from appellee's theory of the case, this instruction was a correct declaration of law, and, conceding that it is in conflict with appellant's instruction No. 7, it avails appellant nothing, because, if error, it was invited. *St. L.-S. F. Ry. Co.* v. *Cole,* 174 Ark. 10, 294 S. W. 357.

Moreover, if we are in error in all the conclusions heretofore stated, this case must be affirmed for still another reason. Appellant admits that William F. Felton, the insured, became totally and permanently disabled in the purview of the contract of insurance in May, 1930, and that this total and permanent disability continued until his death in March, 1933.

We have repeatedly held, in cases arising under contracts of insurance not dissimilar to the one here involved, that liability against the insurer and in favor of the insured attaches and comes into being upon the happening of total and permanent disability. *Smith* v. *Mutual Life Ins. Co.,* 188 Ark. 1111, 69 S. W. (2d) 874.

Also *Ætna Life Ins. Co.* v. *Davis*, 187 Ark. 398, 60 S. W. (2d) 912; *Ætna Life Ins. Co.* v. *Phifer*, 160 Ark. 98, 254 S. W. 335. See especially *Missouri State Life Ins. Co.* v. *Case, ante* p. 223, wherein all our previous decisions are reviewed on this subject. Under the plain terms of the contract here under consideration, recovery is not limited or postponed to or by any certain contingency, as was the contract in *Smith* v. *Mutual Life Ins. Co., supra,* and other cases there cited. In the contract here under consideration liability attached in May, 1930. The requirement for proof of loss or notice under this contract, being a condition subsequent, suit might be maintained for the liability at any time until barred by the statute of limitations. *Ætna Life Ins. Co.* v. *Davis, supra; Missouri State Life Ins. Co.* v. *Foster,* 188 Ark. 1116, 69 S. W. (2d) 869. Under the view as thus stated, the trial court might have directed a verdict in favor of appellee for the amount sued for.

The judgment is affirmed.