1132

J. C. PENNEY LIFE INSURANCE
COMPANY *v.* Cora E. WARREN

CA 79-365                                    599 S.W. 2d 415

Court of Appeals of Arkansas
Opinion delivered April 30, 1980
Released for publication May 21, 1980

*Rieves, Rieves & Shelton,* by: *Donald A. Forrest,* for appellant.

*Fletcher Long, Jr.,* for appellee.

JAMES H. PILKINTON, Judge. This appeal comes from a circuit court judgment entered on a jury verdict in favor of appellee. An insurance policy is involved which was issued by appellant on December 1, 1973, insuring the life of Albert Glen Warren. His wife, Cora E. Warren, appellee herein, was named beneficiary. Appellee as plaintiff below contends the policy was in full force and effect on November 1, 1977, the date Mr. Warren died, and that she is entitled to the sum of $10,000 in accordance with the terms of the policy. Appellant denied coverage claiming the policy had lapsed due to the non-payment of premium for March 1, 1977.

Mrs. Warren sought to prove that she had timely paid

all the premiums for her husband, who was ill. However, the undisputed facts were that the March, 1977, payment was tendered after the grace period and was not accepted by the company. The trial court directed a verdict against her on this point.

For an additional amount, a waiver of premiums during total and permanent disability was provided in the policy. It was stipulated that Mr. Warren had become permanently and totally disabled prior to March, 1977, and at a time when the policy was in force. Mrs. Warren asserted therefore that the coverage was still in force because of the waiver of premium upon disability clause of the policy. The case was submitted to the jury only upon the issue of whether the policy had been kept in force by the clause providing for a waiver of premiums during the disability of the insured.

Appellant argues that the court should have directed a verdict for it on all points. Appellant's motion for a directed verdict below was on the theory that if the policy had lapsed for non-payment of the March, 1977, premium, it was improper for the court to submit to the jury the issue of whether the policy was saved by the waiver of premium clause. In passing on the motion for a directed verdict the trial court stated:

> The court is going to grant your motion for directed verdict in part and deny it in part . . . but not on the possibility of disability, so we can go to the jury on the disability.

The judgment of the court contained the following:

> At the conclusion of the Plaintiff and Defendant's case this court having directed a verdict in Defendant's favor to the effect that the Plaintiff could not submit to the jury the issue of whether or not payments or premiums after March 1, 1977, continued the policy in effect and . . . if the policy was in effect it was not due to premiums being paid by the Plaintiff or Plaintiff's decedent after March 1, 1977, but was in effect, if at all, due to the

waiver of premiums due to disability clause in the contract of insurance.

Counsel for appellant stated its position in the following way:

On the question of the directed verdict, the Defendant objects to the court's ruling on the disability portion of the directed verdict in that if the policy had lapsed as this court so held, then the provision concerning waiver of premiums upon disability would also have lapsed and could not have, by itself, survived the lapse of the policy.

Appellant relies on Couch on Insurance 2d, § 69:8 and the New York case of *Struhl* v. *Travelers Insurance Company,* 281 N.Y. 584, 22 N.E. 2d 162, as authority for the provision that the policy had lapsed in its entirety. The Arkansas courts have not adopted the language of Couch on Insurance cited by appellant nor the law set forth in *Struhl* v. *Travelers Insurance Company, supra.* Be that as it may, these authorities actually go to the issue upon which the court did direct a verdict in appellant's favor. The trial court definitely held that the premium payments made after the grace period, and after a reinstatement application had been submitted, did not prevent the policy from lapsing for the non-payment of premiums if any premiums were in fact due.

It is the existence of disability that fixes liability and not the proof thereof. *Mutual Life Insurance Company* v. *Morris,* 191 Ark. 88, 83 S.W. 2d 842 (1935). The testimony shows that Mr. Warren was probably disabled within the meaning of the policy in February of 1976. In any event, it was stipulated by appellant that Mr. Warren had been disabled within the meaning of the policy since February of 1977. Under this proof, the liability of the company under the disability provisions of the policy had become fixed prior to March, 1977. The trial court was correct in submitting to the jury the question of whether the policy of insurance was in full force and effect at the time of Mr. Warren's death under the disability waiver of premium clause.

Appellant next argues that the insured failed to give the

notice of disability required by the policy. The disability portion of the policy provided:

> The Company will waive the payment of all premiums becoming due upon this policy during the continuance of total and permanent disability as herein defined upon receipt of its home office or administrative office of due proof that the insured has suffered such disability. Any premium so waived shall not reduce the sum payable in any settlement of the policy and all other privileges provided in this policy shall be the same as if the waived premiums had been paid as they became due.

> Waiver of the premiums shall begin with the premium due on or subsequent to the date of commencement of such disability provided, however, that no premium shall be waived the due date of which is more than six months prior to the date on which the company received a notice of claim.

> NOTICE AND PROOF OF CLAIM — A written notice of claim of such disability and proof of such disability must be presented at the home office or administrative office of the company (a) during the lifetime of the insured, (b) during the continuance of total disability, and (c) within six months of the due date of the first premium in default, if there be default. Failure to give such notice and such proof within such times shall not invalidate any claim if it shall be shown that it was not reasonably possible to give such notice and such proof within such times, and that such notice and such proof were given as soon as reasonably possible.

As will be noted, the policy provided that failure to give notice and proof shall be excused if it was not reasonably possible to give such notice. The evidence clearly shows that Mr. Warren suffered from kidney failure in February of 1976 and from that time until the date of his death he was on dialysis, at first two or three times a week in a hospital at Memphis and then beginning in December of 1976, two or three times a week in his home at Hughes, Arkansas. The testimony shows that during Mr. Warren's entire illness, and up until the time of his death on November 1, 1977, Mrs.

Warren was employed full time in Memphis, Tennessee. During the entire time of Mr. Warren's illness, Mrs. Warren was apparently working at her job or with her husband, on an average of approximately 16 hours a day. The testimony further shows that Mr. Warren was gravely ill and was barely able to take care of his day to day needs. The jury was instructed that the failure to give notice of Mr. Warren's disability in accordance with the terms of the policy would be excused if it were not reasonably possible for such notice and such proof to have been given within the time provided by the policy. After having heard all of the testimony and having been properly instructed the jury found for the plaintiff. We hold there was substantial evidence to support the judgment. *Beard* v. *Coggins,* 249 Ark. 518, 459 S.W. 2d 791 (1970).

In *Home Life Insurance Company* v. *Keys,* 187 Ark. 796, 62 S.W. 2d 950, it was held that the company involved became liable when its insured became totally and permanently disabled during the life of the policy, though proof of such disability was not furnished until after the policy had been cancelled. The case of *Mutual Life Insurance Company* v. *Morris, supra,* is also in point here. The court said:

> It is the settled doctrine of this court that unless, by the inescapable language of the policy, notice of disability and proof thereof are made conditions precedent to recovery under disability clauses, it is the existence of disability that fixes liability, and not proof thereof.

In the case before us there is absolutely no question about the matter of disability and the appellant company can be prejudiced in no way by the lapse of time or the failure to receive notice prior to the death of Mr. Warren.

Appellant also argues that since Mr. Warren submitted a reinstatement application, he thereby waived the disability clause and admitted that the policy had lapsed entirely for the non-payment of premiums. We find no merit in this contention. In the first place, the reinstatement application was submitted at the suggestion of the company. The liability had been fixed prior to the failure to pay the March, 1977, premium. The mere submission of a reinstatement applica-

tion at a later date would not alone waive the liability which had previously attached.

Appellant finally argues that cases like *Mutual Life Insurance Company* v. *Morris, supra,* and *Home Life Insurance Co.* v. *Keys, supra,* have no application here because they were superseded by Act 148 of 1959, the Arkansas Insurance Code. We find no merit in this argument. The code among other things gave the Insurance Commissioner the power to approve the form of policies; however, that act did not change the case law applicable to the circumstances here involved.

Finding no error, the judgment is affirmed.