Vernal E. BARNETT *v.* SOUTHWESTERN
LIFE INSURANCE COMPANY

CA 80-127                                        601 S.W. 2d 604
Court of Appeals of Arkansas
Opinion delivered July 9, 1980

*Bradley & Coleman*, by: *Douglas Bradley*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, by: *Stephen M. Reasoner*, for appellee.

STEELE HAYS, Judge. This appeal involves two policies of life insurance issued by the Appellee, Southwestern Life Insurance Company, insuring the life of the Appellant, Vernal E. Barnett. One policy was for ten thousand dollars, issued on April 19, 1962, and one for ninety thousand dollars, issued on June 10, 1968.

Both policies carried "Premium Waiver Riders" providing that if the insured became totally disabled prior to the policy anniversary date following his 60th birthday, the company would refund any premiums already paid within the preceeding six months and, further, would waive all premiums as long as disability continued. The riders provided several means of termination, including: "This rider will automatically terminate and cease to be in force on . . . the policy anniversary nearest the Insured's 60th birthday unless the Insured is then totally disabled within the meaning of this rider and the required proof of such disability shall have been furnished not later than nine months after such policy anniversary . . ."

Total disability was defined in the riders as being the result of bodily injury occurring or disease contracted after the policy was issued and before the policy anniversary nearest his 60th birthday which prevented his engaging in any business or occupation and from performing any work for compensation or profit, regardless of the relationship of such business, occupation or work to any in which the Insured was previously engaged.

The riders contained a paragraph entitled NOTICE OF CLAIM, stating that the company would not be liable for any benefits under the rider unless written notice of claim was given to the company during the lifetime of the Insured and the continuance of total disability, but failure to give such notice within the time provided would not invalidate any claim if it were shown that it was not reasonably possible to give such notice within such time and it was given as soon as reasonably possible.

Also, the rider contained a paragraph entitled PROOF OF TOTAL DISABILITY, providing that written proof

satisfactory to the company that the Insured was totally disabled within the meaning of the rider must be furnished to the company while the rider is in force (or up to nine months after the policy anniversary nearest the Insured's 60th birthday) and that the furnishing of proof in the manner and time specified was a condition precedent to any liability under the rider.

The Insured's 60th birthday was October 21, 1975 and, consequently, the termination date under one rider was July 10, 1976, and April 19, 1976, under the other.

It is Appellant's position that he became totally disabled on or before December 15, 1975, but failed to give the notice of claim or proof of disability inasmuch as he either did not know or had forgotten that the policies had waiver premium riders until June 28, 1978, when notice was then promptly given to the Appellee.

Appellee declined to honor Appellant's requested waiver of premiums and suit was filed seeking judgment for premiums already paid and for a declaratory judgment declaring future premiums waived pursuant to the provisions of the riders.

The learned Chancellor found that the Appellant was obligated to provide written proof of his disability while the rider was in force and not later than nine months after the next policy anniversary following Appellant's 60th birthday; that such proof was a condition precedent and was not met by the June 28, 1978, letter. The Chancellor also found that the proof failed to show that Appellant suffered under such mental disability as to excuse his obligation to give notice of disability, assuming that notice could be excused thereby. From the decree so entered, Appellant brings this appeal.

It is argued that a literal interpretation of the NOTICE OF CLAIM paragraph means that proof of disability may be given at any time total disability exists while the Insured is still living. But that argument is not convincing, as the rider plainly states in two places that the occurrence of disability

has a cut-off date at the policy anniversary nearest the 60th birthday of the Insured and that yet a third place in the rider appears a paragraph entitled TERMINATION OF THIS RIDER in bold type which describes among other methods, the automatic termination of the rider at the policy anniversary nearest the Insured's 60th birthday. Thus, an interpretation that the proof of disability could be given at any time the Insured was still living after disability had occurred would require ignoring clear and repeated language in the rider regarding the termination of the right to claim waiver of premium.

The argument is also advanced that allowing the Insured to give notice of disability after the time specified in the rider does not deprive the Insurer of the opportunity to offer evidence of disability of the Insured, inasmuch as the Insurer could still investigate, retroactively as it were, and satisfy itself that the Insured was in fact disabled on or before December 15, 1975. We find no merit in this argument. What seems to be indisputable to Appellant in June of 1978 may not have been so evident to the Insurer in December of 1975, the time at which the Insurer had the right to examine the proof and weigh the Insured's condition with respect to total disability as defined under the law and in the policy. The Insurer might even have elected to have independent medical examinations performed. We believe that the timely exercise of the right is material and is of such importance that it should not be denied by stretching the termination date in the rider many months beyond the stated time.

Appellant contends that his disability involved his mind and mental alertness and that the savings clause in the paragraph entitled NOTICE OF CLAIM provides that a failure to give notice of disability is excused if it is shown that it was not reasonably possible to give such notice within the time required. It follows, according to the argument advanced, that notice was given to the Appellee as soon as reasonably possible. But the Chancellor found, rightly we believe, that the evidence of mental disability fell short of proving that the disability was of such degree as to excuse the failure of notice under the savings clause. The law requires a much greater quantum of mental infirmity than is shown to

have been present in the case at hand. *Pfeifer* v. *Missouri State Life Insurance Company*, 174 Ark. 783, 297 S.W. 847 (1922); *Old Colony Life Insurance Company* v. *Julian*, 175 Ark. 359, 299 S.W. 366 (1927). But an equally telling answer to this argument is that the Chancellor found that the furnishing of evidence of total disability was a condition precedent to liability under the policy, as opposed to a condition subsequent, and that such a condition was not met by the June 28, 1978 letter. We believe that the finding is consonant with the holding in *New York Life Insurance Company* v. *Moose*, 190 Ark. 161, 78 S.W. 2d 64 (1935).

It is suggested that the denial of waiver of premiums where the Insured did in fact become totally disabled while the rider was in force amounts to a forfeiture, which equity abhors. *Squire* v. *Squire*, 253 Ark. 506, 486 S.W. 2d 910 (1972), but there is no real forfeiture present here, in the strict sense of the word, merely the resemblance. The classic example of forfeiture involves purchases of lands or goods, usually, in which the purchasers fail to meet a time requirement and are confronted with the loss of their investment simply because of the lapse, with no consequential deprivation to the opposing party. Although equity abhors a forfeiture and will seize upon the slightest circumstance to invalidate one, equity also recognizes forfeitures and validates them where a refusal to do so would be inequitable. *White* v. *Page*, 216 Ark. 632, 226 S.W. 2d 973 (1950). We think that balancing the equities in the case before us requires the upholding of the clear language of the rider. That is not to ignore the dilemma presented by this case. It is regrettable that Appellant failed to avail himself of the opportunity to have premiums waived, but that failure was the result of his own omission and it would be an inequity of somewhat greater proportions, we conclude, to transfer the burden of the omission to the opposing party, where to do so would require a wholesale rewriting of language of the policy. The many precedents on that general subject require that policy language, if plain, be adhered to. *Ingram* v. *Life of Georgia*, 234 Ark. 771, 354 S.W. 2d 549 (1962).

Affirmed.