## AMERICAN GENERAL LIFE INSURANCE COMPANY *v.* FIRST AMERICAN NATIONAL BANK

CA 85-400                                        716 S.W.2d 205

Court of Appeals of Arkansas
En Banc
Opinion delivered September 24, 1986

*Wright, Lindsey & Jennings*, for appellant.

*Hoofman & Bingham, P.A.*, for appellee.

DONALD L. CORBIN, Judge. This appeal comes to us from Pulaski County Circuit Court, Second Division.[1] The trial court found in favor of appellee, First American National Bank. Appellant, American General Life Insurance Company, raises two points on appeal. We reverse the decision of the trial court and dismiss appellee's complaint.

Young Electric Company purchased a life insurance policy on the life of Robert Reynolds Young from appellant, American General Life Insurance Company, in 1974. A supplementary agreement to this policy contained a premium waiver disability benefit. In 1976, Young Electric Company assigned its interest in this policy to appellee, First American National Bank. Appellee made premium payments by utilizing the automatic premium loan provision of the policy. Approximately every six months from December, 1976, through June, 1980, appellee made premium payments and the balance of the payments were made pursuant to the automatic premium loan provision. Appellee defaulted on its premium payments in June, 1980, when the cash value of the policy diminished to such an extent that it could no longer be used to pay premiums. Appellee was unaware both that there was no remaining cash value in the policy and that the insured had suffered a heart attack on May 1, 1980. On December 31, 1980, appellee tendered its cash premium check in accordance with its established practice of paying one monthly premium every six months. On January 30, 1981, appellant returned the check to appellee and advised it that the policy had lapsed for nonpayment of premium and had been placed on extended term insurance which would expire on May 24, 1981. After the return of the premium check, communication and correspondence between the parties was initiated but efforts to resolve the dispute concerning the force and effect of the policy were unsuccessful.

---

[1] This case has been delayed by reassignment because of the differing views as to how it should be written. The court regrets this necessary delay.

In June, 1981, appellee contacted Mr. Young's wife and learned that the insured was totally disabled as defined in the premium waiver supplementary agreement of the policy. On July 24, 1981, counsel for appellee sent a letter to appellant demanding reinstatement of the policy based on Young's total disability and the premium waiver disability benefit provision of the policy. On July 30, 1981, appellant received notice that Young was disabled. On August 14, 1981, appellee sent proof of the disability of Robert Reynolds Young to appellant and appellee made demand upon appellant under the premium waiver disability provisions of the contract to reinstate the policy.

The pertinent provision of the premium waiver disability benefit provides as follows:

### PREMIUM WAIVER DISABILITY BENEFIT

Benefit. The Company, upon receipt of due proof that the Insured is totally disabled, as defined below, will waive premiums under the policy as follows.

. . . .

No premium which fell due more than one year before written notice of claim is received by the Company at its Home Office will be waived unless it is shown that it was not reasonably possible to give such notice within one year after total disability began and that notice was given as soon as was reasonably possible.

. . . .

Notice of Proof of Disability. The Company must receive at its Home Office written notice of claim and proof of total disability:

    a.   While the Insured is living and totally disabled;

    b.   Not later than one year after the policy anniversary nearest the Insured's 65th birthday; and

    c.   Within one year after the due date of the first premium in default, if any.

Failure to give the written notice and proof of claim

described above shall not invalidate any claim if it is shown that such notice and proof were given as soon as was reasonably possible.

Appellant refused to reinstate the policy because appellee had failed to furnish written notice of claim and proof of total disability within one year after the due date of the first premium in default.

Appellee brought suit seeking declaratory judgment and reinstatement of the policy along with statutory penalty and attorney's fees. In its complaint appellee asserted that the written notice and proof requirement was not a condition precedent to waiver of the premiums and that the disability and not notice and proof of the disability created the insured's duty to waive premiums. Appellee also relied upon the clause of the supplementary agreement which stated that failure to give the written notice and proof of claim would not invalidate any claim if it was shown that notice and proof were given as soon as reasonably possible. Appellant answered asserting that appellee had a duty to give notice of claim and proof of disability within one year after the due date of the first premium in default and that, because appellee failed to give due notice of claim and proof of disability, appellant's obligation to waive premiums never arose.

The case was decided based upon the stipulated facts and the briefs of the parties. The trial court found that under the language in the supplementary agreement providing for premium waiver disability benefit, the existence of disability fixed liability and not the notice and proof of claim. The court also found that the notice of claim and proof of total disability were given within a reasonable time. Judgment was awarded in favor of appellee.

Appellant raises two points for reversal: (1) The trial court erred in finding that the language of the premium waiver disability benefit agreement creates a condition subsequent; and (2) the trial court erred in finding that notice of claim and proof of total disability were given as soon as was reasonably possible under the circumstances.

■■ It is well-settled that, unless notice of disability and proof thereof are made conditions precedent to recovery under disability clauses by the inescapable language of the policy, it is

the existence of disability that fixes liability and not proof thereof. *J.C. Penney Life Insurance Co.* v. *Warren*, 268 Ark. 1132, 599 S.W.2d 415 (Ark. App. 1980). The general rule is that the failure to give notice or make proof within a specified time in accordance with the terms of the policy does not operate as a forfeiture of the right to recover, unless the policy in express terms or by necessary implication makes notice of claim and proof of disability a condition precedent to recovery. *New York Life Insurance Co.* v. *Moose*, 190 Ark. 161, 78 S.W.2d 64 (1935). Therefore, the first issue to be addressed in this appeal is whether the language of the premium waiver disability benefit agreement creates a condition subsequent or a condition precedent.

In the case at bar, the provision requiring notice of claim and proof of disability within one year is conditional, i.e., notice and proof within one year from the due date of the first premium in default are required in those cases where it is reasonably possible to give such notice and proof. If it is not reasonably possible to give notice and proof within one year after disability began then notice and proof must be given as soon as reasonably possible. Under Arkansas case law this is not "inescapable language" making receipt of notice and proof of disability a condition precedent to recovery under disability clauses.

In *J.C. Penney Life Insurance Co.* v. *Warren*, the pertinent provisions of the policy in question provided as follows:

> The Company will waive the payment of all premiums becoming due upon this policy during the continuance of total and permanent disability as herein defined upon receipt of its home office or administrative office of due proof that the insured has suffered such disability. . . .
>
> . . . .
>
> NOTICE AND PROOF OF CLAIM — A written notice of claim of such disability and proof of such disability must be presented to the home office or administrative office of the company (a) during the lifetime of the insured, (b) during the continuance of total disability, and (c) within six months of the due date of the first premium in default, if there be default. Failure to give such notice and such proof within such times shall not invalidate any claim if it shall

be shown that it was not reasonably possible to give such notice and such proof within such times, and that such notice and such proof were given as soon as reasonably possible.

Upon reading the above-stated provisions, this court found in *J.C. Penney* that it was the existence of disability that fixed liability and not the proof thereof. In essence, this court held that the rights under the policy were not forfeited by a nonpayment of premiums subsequent to the disability, construing notice and proof to be in the nature of a condition subsequent. The provisions of the policy in question here are materially indistinguishable from those in *J.C. Penney*. Therefore, we agree with the trial court's finding that the language of the premium waiver disability benefit agreement creates a condition subsequent to liability in this case.

The second issue to be addressed by this court is whether notice of claim and proof of disability were given within a reasonable time. The policy provides that failure to give notice and proof will be excused if it was not reasonably possible to give such notice and proof.

■ It is well-settled that an assignee can receive by way of assignment no better rights than the assignor had. *Union Planters National Bank of Memphis, Tenn.* v. *Moore*, 250 Ark. 272, 464 S.W.2d 786 (1971). Therefore, appellee, as assignee of the rights under the life insurance policy, stands in the shoes of Young Electric Company, assignor of that interest.

In *J.C. Penney* this court found that the failure to give notice and proof within six months of the due date of the first premium in default was reasonable under the circumstances. In that case this court found the following facts to be relevant to this determination:

The evidence clearly shows that Mr. Warren suffered from kidney failure in February of 1976 and from that time until the date of his death he was on dialysis, at first two or three times a week in a hospital at Memphis and then beginning in December of 1976, two or three times a week in his home at Hughes, Arkansas. The testimony shows that during Mr. Warren's entire illness, and up until the time of his

> death on November 1, 1977, Mrs. Warren was employed
> full time in Memphis, Tennessee. During the entire time of
> Mr. Warren's illness, Mrs. Warren was apparently work-
> ing at her job or with her husband, on an average of
> approximately 16 hours a day. The testimony further
> shows that Mr. Warren was gravely ill and was barely able
> to take care of his day to day needs.

*Id.* at 1136-1137, 599 S.W.2d at 418. The jury in *J.C. Penney*
found that it was not reasonably possible for notice and proof to be
given within the time provided by the policy and this court
affirmed that judgment.

In *Barnett v. Southwestern Life Insurance Co.*, 269 Ark.
940, 601 S.W.2d 604 (Ark. App. 1980), the appellant in that case
claimed that he had become totally disabled before he defaulted
on his premium payments and that he had failed to give notice of
claim or proof of disability because his disability involved his
mind and mental alertness. Appellant in that case asserted that
his mental disability came under the savings clause in the policy,
much the same as the clause in question in the case at bar, which
provided that a failure to give notice of disability is excused if it is
shown that it was not reasonably possible to give such notice
within the time required. This court rejected that argument,
holding that the evidence of mental disability fell short of proving
that the disability was of such degree as to excuse the failure of
timely notice under the clause. *Id.* at 944, 601 S.W.2d at 606.
This court stated the following in *Barnett*:

> It is regrettable that Appellant failed to avail himself of the
> opportunity to have premiums waived, but that failure was
> the result of his own omission and it would be an inequity of
> somewhat greater proportions, we conclude, to transfer the
> burden of the omission to the opposing party, where to do so
> would require a wholesale rewriting of language of the
> policy. The many precedents on that general subject
> require that policy language, if plain, be adhered to.

*Id.* at 945, 601 S.W.2d at 607 (citation omitted).

In *Mutual Life Insurance Co. v. Morris*, 191 Ark. 88, 83
S.W.2d 842 (1935), the Arkansas Supreme Court held that the
failure to give notice and proof of disability within the time

required was excused where, from the time the condition of the insured was discovered until his death, the insured was critically ill and in no condition to look after his business affairs.

In the case at bar the policy provided that notice and proof must be given within a year after the due date of the first premium in default. The parties stipulated that on June 15, 1980, the first payment in default came due. On December 31, 1980, appellee tendered its cash premium check in accordance with the agreed practice. On January 30, 1981, appellant returned the check and notified appellee that the policy had been placed on extended term. Appellee first learned that Young was totally incapacitated on June 22, 1981. (Young had been disabled since May 1, 1980.) On July 24, 1981, counsel for appellee sent a letter to appellant notifying it that Young was disabled and requesting reinstatement of the policy. Appellant received this letter on July 30, 1981, and this was the first notice appellant received that Young was disabled. Therefore, the first payment in default came due on June 15, 1980, and appellant received notice of claim on July 30, 1981. Appellant did not receive proof of Young's disability until August 14, 1981.

The question is whether notice and proof were given as soon as reasonably possible. The trial judge found that they were. Appellee did not prove to the trial court why it was incapable of communicating with Young during that period nor that Young was incapable of informing appellee of his disability. Appellee presented no evidence which would explain why it was not reasonably possible to give notice and proof of disability to appellant within one year. The cases cited above indicate that the courts are reluctant to excuse the failure to give timely notice and proof of disability. Failure has been excused only in those cases where there were grave and extenuating circumstances prohibiting timely notification of claim and proof of disability. We find that appellee failed to prove that notice and proof of disability were given as soon as was reasonably possible under the circumstances. We find that to excuse the failure to give timely notice and proof in this case, where there has been no showing that it was unreasonable to give timely notice and proof, would require "a wholesale rewriting" of the terms of the policy. For this reason we reverse the trial court's decision and dismiss appellee's complaint.

CRACRAFT, C.J., concurs.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. It is not uncommon for the judges of an appellate court to agree upon the same result although based upon different reasons. The present case, however, is an extreme example of this decisional process because it reverses the trial judge for reasons agreed upon by no more than three of the six judges of this court. I think the prevailing opinion is correct when it agrees with the trial court's finding that the language of the premium waiver disability agreement creates a condition subsequent to liability in this case. However, I think the opinion reaches that result for reasons that are wrong and that this causes it to be wrong in regard to the issue of whether notice of claim and proof of disability must be given within a reasonable time.

To properly decide this case, careful attention must be given to the exact language used in the "Supplementary Agreement Providing Premium Waiver Disability Benefit." Indeed, the appellant's brief states that the court should avoid giving greater significance to a single provision or sentence than is intended but should look to the entire contract and all its provisions to ascertain its meaning, citing *Witherspoon* v. *The Lumbermen's Mutual Ins. Co.*, 211 Ark. 844, 203 S.W.2d 185 (1947). The agreement involved constitutes an entire separate page of the policy. The left-hand column of this page contains the following provisions applicable to the insured, Robert Young, who was 37 years of age when the policy was issued in 1974.

> Benefit. The Company, upon receipt of due proof that the Insured is totally disabled, as defined below, will waive premiums under the policy as follows.

> . . . .

> Disability Beginning Between Ages 15 and 60. If such disability begins on or after the policy anniversary nearest the Insured's 15th birthday and before the policy anniversary nearest the Insured's 60th birthday, each premium which becomes due under the policy during the continuance of total disability shall be

waived.

. . . .

> No premium which fell due more than one year before written notice of claim is received by the Company at its Home Office will be waived unless it is shown that it was not reasonably possible to give such notice within one year after total disability began and that notice was given as soon as was reasonably possible.

Following the above is a provision that defines total disability. This definition continues to the bottom of the left-hand column of the page, and the right-hand column contains the following provisions applicable to this case.

> Notice of Proof of Disability. The Company must receive at its Home Office written notice of claim and proof of total disability:
>
> a.  While the Insured is living and totally disabled;
>
> b.  Not later than one year after the policy anniversary nearest the Insured's 65th birthday; and
>
> c.  Within one year after the due date of the first premium in default, if any.

> Failure to give the written notice and proof of claim described above shall not invalidate any claim if it is shown that such notice and proof were given as soon as reasonably possible.

. . . .

> Premiums. Any premiums becoming due after total disability commences, but before such disability has continued for 6 consecutive months, are payable in accordance with the terms of the policy. The Company will refund to the Owner any premiums which have been paid and are subsequently waived.

The trial court made the following findings of fact and conclusions of law:

3. The language of the policy in the premium waiver disability benefit which is Exhibit B to the Stipulation of Fact creates a condition subsequent to the recovery in the following language:

'Each premium which becomes due under the policy during the continuation of the total disability shall be waived.'

'Any premium becoming due after total disability has continued for six consecutive months are payable in accordance with the terms of the policy. The company will refund to the owner any premiums which have been paid and are subsequently waived.'

The court finds that this language is not inescapable language of the policy which makes the notice of disability and proof thereof conditions precedent to recovery under the disability clause, and therefore the court finds that the existence of the disability fixes liability and not the proof thereof. The court finds specifically that the language is a condition subsequent.

The court also made a finding that notice of the total disability of Robert Young was given by the bank to the insurance company as soon as was reasonably possible under the circumstances.

The appellant insurance company contends that notice and proof of Young's disability had to be given within one year after the due date of the first premium in default in order to trigger the obligation to waive premium payments. In other words, it says that notice and proof were conditions precedent and the trial court was wrong in finding them to be conditions subsequent. With commendable candor, the appellant admits that the Arkansas cases have analyzed the language in each disputed policy in order to determine whether the notice and proof were conditions precedent or conditions subsequent. Appellant cites three cases in support of its contention that the policy in this case makes the notice and proof of disability conditions precedent: *New York Life Ins. Co.* v. *Jackson*, 188 Ark. 292, 65 S.W.2d 904 (1933); *New York Life Ins. Co.* v. *Moose*, 190 Ark. 161, 78 S.W.2d 64

(1935); *Barnett* v. *Southwestern Life Ins. Co.*, 269 Ark. 940, 601 S.W.2d 604 (Ark. App. 1980). Appellant also tells us to see the case of *General American Life Ins. Co.* v. *Yarbrough*, 360 F.2d 562 (8th Cir. 1966), and to compare *J.C. Penney Life Ins. Co.* v. *Warren*, 268 Ark. 1132, 599 S.W.2d 415 (Ark. App. 1980), which quotes *Mutual Life Insurance Co.* v. *Morris*, 191 Ark. 88, 83 S.W.2d 842 (1935), for the proposition that before notice of disability and proof thereof are considered to be conditions precedent the language of the policy "must be inescapable."

Appellant's leading case, *New York Life Ins. Co.* v. *Moose, supra,* was concerned with a policy that contained the following provision.

> In the event of default in payment of premium after the insured has become totally disabled as above defined, the policy will be restored and the benefits shall be the same as if said default had not occurred, *provided due proof* that the insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, *is received by the company not later than six months after said default.* (Emphasis added.)

The court in *Moose* said: "This proviso simply states the conditions under which disability benefits will be granted. It necessarily excludes all others." 190 Ark. at 166. The court explained further:

> The general rule is that the failure to give notice or to make proof within a specified time in accordance with the terms of the policy does not operate as a forfeiture of the right to recover, unless the policy in express terms or by necessary implication makes same a condition precedent to recovery. . . . Here the requirement is condition precedent in express terms, as it is the condition on which the benefits are granted. (Citations omitted.)

190 Ark. at 166-67.

In the case of *New York Life Ins. Co.* v. *Jackson, supra,* the waiver of premium provision stated, "Whenever the company receives due proof, before default in the payment of premium,

that the insured, . . . has become wholly disabled" the company will waive the premiums. The trial court had instructed the jury that the insured could recover if he had become totally and permanently disabled prior to the lapse of the policy and had explained his condition to the insurance company's special agent and asked him to take the matter up with the company. The appellate court reversed the judgment for the insured, holding that it was "quite obvious" that the discussion with the agent, "more or less casual," did not meet the requirement of proof of disability to the company.

In *General American Life Ins. Co.* v. *Yarbrough, supra*, the certificate of insurance before the Eighth Circuit Court of Appeals expressly stated:

> As a *condition precedent* to any liability of the Company on account of the total and permanent disability of any employee, written proof . . . must be furnished to the company at its Home Office in St. Louis, Missouri, within twelve months after the termination of such employee's insurance. (Emphasis added.)

In *Barnett* v. *Southwestern Life Ins. Co., supra*, the Arkansas Court of Appeals affirmed the trial court's holding that the insurance policies involved had terminated because of the failure to furnish proof of disability to the insurance company in accordance with premium waiver provisions. Both policies carried a premium waiver rider and each rider provided it would *automatically terminate* on the policy anniversary nearest the insured's 60th birthday *unless* the insured is "then totally disabled" and the required proof of disability "shall have been furnished not later than nine months after such policy anniversary." In addition, each rider contained the same provisions under a paragraph entitled "Proof of Total Disability" and this paragraph made furnishing of the proof a "condition precedent" to any liability under the rider.

I think there is a real distinction between the above cases and the cases relied upon by the appellee. The case of *J.C. Penney Life Ins. Co.* v. *Warren, supra*, which the appellant suggested that we compare with the above cases, is relied upon by the appellee to support its position that the notice and proof of disability requirement in the case at bar is a condition subsequent. That

case is procedurally confusing but involved an insurance policy issued on the life of Albert Warren. The company refused to pay Mrs. Warren, the named beneficiary, the amount of the policy because it claimed the policy had lapsed due to nonpayment of premium. Mrs. Warren brought suit and tried to prove that all the premiums had been paid. The trial court, however, directed a verdict against her on that point. She also claimed that the policy was in force because of a waiver of premium upon disability clause. The case was submitted to the jury on that issue only, and the jury found for her. On appeal, the insurance company contended that it was entitled to a directed verdict on both points. The court of appeals did not agree and the jury verdict was affirmed.

The appellate court's opinion in *Warren* sets out the disability portion of the policy which provided that the company would waive the payment of all premiums during the continuance of disability *upon receipt* by its home office of due proof of such disability. The policy also contained a provision entitled "Notice and Proof of Claim." This provision stated that written notice of claim and proof of disability "*must* be presented to the home office" (emphasis added) (a) during the lifetime of the insured, (b) during the continuance of the disability, and (c) within six months of the due date of the first premium in default. In explaining why the insurance company was not entitled to a directed verdict on the waiver of premium issue, the court said that the notice and proof requirement did not create conditions precedent. The court said the verdict of the jury should also be affirmed because a jury question existed as to whether notice and proof of claim was given within a reasonable time. In regard to whether the notice and proof provisions were conditions precedent, the court quoted from the case of *Mutual Life Insurance Co.* v. *Morris, supra,* as follows:

> It is the settled doctrine of this court that, unless, by the inescapable language of the policy, notice of disability and proof thereof are made conditions precedent to recovery under disability clauses, it is the existence of disability that fixes liability and not proof thereof.

191 Ark. at 94. Furthermore, the *Warren* opinion said, "In the case before us there is absolutely no question about the matter of

disability and the appellant company can be prejudiced in no way by the lapse of time or the failure to receive notice prior to the death of Mr. Warren." 268 Ark. at 1137.

The case of *Mutual Life Insurance Co.* v. *Morris, supra,* (which we will refer to as the *Ben Morris* case to distinguish it from the *Moose* case relied upon by appellant) also stated:

> That the time of the happening of the total disability was the commencement of the insurer's obligation to waive payment of premiums, and not the receipt of the proof thereof, is indicated by the provision to the effect that, after the proof has been received, any payment of premiums made after disability shall be refunded where such payments occurred within a year before the receipt at the home office of written notice of claim for waiver of premium.

191 Ark. at 95.

Applying the teachings of the cases relied upon by the appellant to the case at bar, I note that *New York Life Ins. Co.* v. *Moose, supra,* dealt with a policy provision that waived premiums *provided* due proof as required was made. The court's opinion held that the policy provision made proof as provided a condition precedent, and stated unless the policy expressly states such a condition, or does so by necessary implication, failure to give notice or make proof within a specified time does not operate as a forfeiture. The *Jackson* case dealt with a situation where *no* notice or proof was furnished to the *company* before the lapse of the policies, but was made only to an agent. In the *Barnett* case, the Arkansas Court of Appeals found that proof of disability was a condition precedent where the policy provisions stated the policy would automatically terminate *unless* the required proof was made. Moreover, in that case, the section pertaining to proof of disability *expressly* provided that furnishing of the required proof was a condition precedent. And in *Yarbrough*, the federal appellate court also dealt with a case that *expressly* made the furnishing of *written* proof of claim a condition precedent.

On the other hand, in the case at bar, the very first sentence of the premium waiver disability agreement provides: "The company upon receipt of due proof that the insured is totally

disabled, as defined below, will waive premiums under the policy as follows." Very clearly, there is no time limit set out in this provision for making the proof of disability. Then follows the provision applicable to the insured's age and it simply states that if total disability begins after the insured's 15th birthday and before his 60th birthday, "each premium which becomes due under the policy during the continuance of total disability shall be waived." Then, under "Notice of Proof of Disability" there is the requirement that the company "must receive at its Home Office written notice of claim and proof of total disability . . . within one year after the due date of the first premium in default, if any." The word "must" was also used in *J.C. Penney Life Ins. Co.* v. *Warren, supra*, and was not found to create a condition precedent there. Certainly "must" is not as strong as "provided," or as strong as a provision for automatic termination "unless" notice of claim is given, and obviously not as strong as it would be if the notice and proof were *expressly* made a condition precedent. And the last applicable provision of the premium waiver disability agreement is similar to the one found in the *Ben Morris* case and provides for a refund of premiums paid after total disability commences but which "are subsequently waived." This provision was set out in the trial court's findings and is obviously in harmony with the view that it is the disability that fixes the insurance company's liability to waive premiums and pay benefits, not the notice or proof thereof.

The trial court held that the provisions for notice and proof of claim in the policy in this case created conditions subsequent because the insurance company had not made them conditions precedent by "inescapable language." Both of the appellate courts of this state have said that unless such "inescapable language" is used it is the existence of the disability that fixes the liability, not the proof thereof. This is in keeping with the cardinal rule of insurance law that policies will be interpreted and construed strictly against the insuror. *Cooper Tire & Rubber Co.* v. *N. W. National Casualty Co.*, 268 Ark. 334, 595 S.W.2d 938 (1980). I think it is also proper to note that this suit was filed within the statutory period of limitations, that the insured's total disability was admitted, that notice of that disability was made only slightly more than a month after the premium waiver agreement called for it to be made, and that no prejudice has been

shown or suggested by this short delay.

Taking all the matters I have discussed into consideration, I think the trial court was correct in finding that the notice and proof of claim provisions were not conditions precedent. However, even though the prevailing opinion agrees that these provisions were not conditions precedent, the opinion holds that the trial court's judgment should be reversed because notice and proof of disability were not given as soon as was "reasonably possible." As stated in the opening paragraph of this dissent, I think this holding is caused by the incorrect reasoning used to reach the conclusion that the notice and proof provisions were not conditions precedent. The incorrect reason given for the correct conclusion is that the one-year time period provided for giving notice and proof of disability is not a condition precedent because it is "conditional" as it is only required in those cases where it is reasonably possible to give notice and proof within that period.

This reasoning completely misses the purpose and function of the "reasonably possible" provision. That provision is a savings clause. The insurance company assumes that it has made the giving of notice and proof of disability conditions precedent, but it has to sell its policies, and to make them more palatable the savings clause is placed in the policy so that failure to give the notice and proof within the time provided may be excused if it was not reasonably possible to give them within that period. Even the appellant insurance company agrees with this proposition. At page 44 of its brief, the appellant states: "Savings clauses are created to protect the insured from loss of benefits for non-compliance with contractual conditions in the extreme situation." *J.C. Penney Life Ins. Co.* v. *Warren* and the *Ben Morris* case are cited by appellant in support of the above statement. The proposition is reinforced by the *Barnett* v. *Southwestern Life Ins. Co.* case, *supra*, where both the trial and appellate courts found it necessary to decide whether notice of disability had been given as soon as reasonably possible even though the courts also found that furnishing evidence of disability was a condition precedent to liability. Another case that makes this issue clear is *Equitable Life Assurance Society* v. *Felton*, 189 Ark. 318, 71 S.W.2d 1049 (1934), where the court found the evidence sufficient to support a finding that the insured's mental incompetence excused him from giving the notice and proof of disability required by the policy.

The court said that even if it was in error on that point the trial court's judgment should still be affirmed because "the requirement for proof of loss or notice under this contract, being a condition subsequent, suit might be maintained for the liability at any time until barred by the statute of limitations." 189 Ark. at 324.

The prevailing opinion overlooks the fact that the policy in this case does not contain a provision requiring that notice or proof of disability *must* be given as soon as reasonably possible. There is a provision that no premium, which fell due more than one year before written notice of claim of disability is received by the company, will be waived unless it is shown that it was not reasonably possible to give such notice within one year after total disability began and notice was given as soon as was reasonably possible. But, as pointed out, this is a savings clause; a statement of intention. It is incorrect to treat the clause as a condition precedent to liability or hold that it prevents other policy provisions from operating as a condition precedent. Moreover, to treat it as a condition of liability will cause it to be in conflict with other provisions in the "Supplementary Agreement" page and, of course, all the provisions in the agreement must be considered together.

In summary, I would affirm the trial court's judgment in this case because I think the provisions for notice and proof of disability were not made conditions precedent by inescapable language. However, even if this view is wrong, I would still affirm based upon the trial court's finding that the bank gave notice and proof of disability to the insurance company as soon as was reasonably possible.

The prevailing opinion holds that this issue is tested by the conduct of the named insured, Robert Young. But the evidence is clear that the insurance company regarded the appellee bank as the insured. This case was submitted upon a stipulation of facts. That stipulation states that, beginning in December 1976, the bank made premium payments directly to the insurance company every six months and that these payments, along with the automatic premium loan provisions of the policy, kept the policy in force until June 15, 1980. Then, on January 30, 1981, the insurance company returned the bank's last premium check,

dated December 31, 1980, and told the bank the policy had lapsed for failure to pay the July premium. The letter conveying that information was addressed to the bank and said "Dear Policy Owner." It also offered to reinstate the policy if the bank would pay the amount of $1,478.91 for the premiums and loan interest due.

Under the above stipulated facts, I do not believe the bank had only the rights of its assignor Robert Young. I believe the conduct of the bank and the insurance company created a direct relationship between them. Thus, I think the issue of whether notice and proof of disability were given as soon as was reasonably possible should be based upon the conduct of the bank and not the conduct of Robert Young. Tested by this standard, I think there is sufficient evidence to affirm the trial judge's finding that notice and proof of disability were given as soon as was reasonably possible. That finding was not, in my view, clearly against the preponderance of the evidence.

COOPER, J., joins in this dissent.